O

# United States District Court
# Central District of California

| | |
|---|---|
| JOSE JESUS GUERRERO TORRES,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION et al.,<br><br>Defendants. | Case № 2:23-cv-01066-ODW (KESx)<br><br>**ORDER DENYING MOTION TO REMAND [15, 16, 27]** |

## I.  INTRODUCTION

Plaintiff Jose Jesus Guerrero Torres initiated this wrongful death action in state court against Defendants National Passenger Railroad Corporation dba Amtrak ("Amtrak"), Maria Alejandra Espinosa Montenegro ("Espinosa"[1]), and Town and Country Fencing, Inc.  (Notice of Removal ("NOR") Ex. A 6–30 ("Compl."), ECF No. 1[2]; *id.* Ex. A 31–32 ("First Amendment to Compl.").)  Amtrak removed this matter on the basis that this Court has federal question jurisdiction over claims against

---

[1] Consistent with her moving papers, the Court refers to Defendant Maria Alejandra Espinosa Montenegro as "Espinosa."

[2] All exhibits to the Notice of Removal are found in the same document at ECF No. 1.  When citing the exhibits to the Notice of Removal, the Court identifies the exhibits according to the pagination in the CM/ECF ribbon at the top of each page.

Amtrak.  (NOR ¶¶ 3–4.)  The Court struck Espinosa's First Motion to Remand, and Espinosa now moves to remand for a second time.  (First Mot. Remand, ECF No. 10; Order Striking First Mot. Remand, ECF No. 12; Second Mot. Remand, ("Mot." or "Motion"), ECF No. 15.)  For the reasons below, the Court **DENIES** Espinosa's Motion.[3]  (ECF Nos. 15, 16, 27.[4])

## II.  BACKGROUND

On January 24, 2023, Torres filed the initial Complaint in San Luis Obispo County Superior Court.  (Compl.)  That same day, Torres amended the Complaint to replace a Doe defendant with Town and Country Fencing.  (First Amendment to Compl.).

On February 13, 2023, Amtrak removed the case to this Court.  (NOR.) Amtrak alleges that this Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because Amtrak was incorporated by an Act of Congress and the United States of America owns more than 50% of Amtrak's capital stock.  (*Id.* ¶ 3.)

On March 6, 2023, Torres filed a First Amended Complaint in federal court. (First Am. Compl. ("FAC"), ECF No. 9.)  Torres asserts the same claims he asserted in the original Complaint and adds Union Pacific Railroad Company as an additional Defendant.  (*Id.*)

On March 13, 2023, Espinosa moved to remand this case to state court.  (First Mot. Remand.)  However, the Court struck that motion because, among other things, Espinosa failed to meet and confer with opposing counsel prior to bringing her motion, in violation of Central District of California Local Rule 7-3.  (Order Striking First Mot. Remand.)

---

[3] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

[4] Espinosa's Motion omitted any hearing information.  (Mot.)  Thus, Espinosa subsequently filed a notice of errata and amended motion identifying the hearing information for the Motion.  (Notice Errata, ECF No. 16; Amended Mot., ECF No. 27.)

On March 27, 2023, Espinosa again moved to remand this case on the grounds that (1) this Court lacks subject matter jurisdiction over this case because Torres's claims do not present a federal question, and (2) Amtrak fails to demonstrate that all defendants consented to removal. (Mot. 5–10.) The Motion is fully briefed. (Opp'n, ECF No. 26; Reply, ECF No. 32.)

### III.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction . . . possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* Moreover, regardless of whether the Court has jurisdiction, a party may move to remand based on any procedural defect in the removal within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

### IV.  DISCUSSION

Espinosa moves to remand this action to state court on the grounds that (1) the Court lacks subject matter jurisdiction because Torres's claims do not present a federal question, and (2) Amtrak's removal is procedurally defective because Amtrak fails to demonstrate that all defendants consented to removal. (Mot. 6–8.)

### A. Subject Matter Jurisdiction

The Court first considers whether it has subject matter jurisdiction over Torres's claims. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case removed from state court, "the case shall be remanded." 28 U.S.C. § 1447(c). Here, Amtrak asserts that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1349, which provides: "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." 28 U.S.C. § 1349.

In *Union Pacific Railway Co. v. Myers*, the Supreme Court held that "corporations of the United States, created by and organized under acts of [C]ongress, . . . are entitled . . . to remove . . . suits brought against them in state courts . . . on the ground that such suits are suits 'arising under the laws of the United States.'" 115 U.S. 1, 11 (1885), *superseded by* 28 U.S.C. § 1349. In 1925, however, Congress codified 28 U.S.C. § 1349, which "restricted the reach of this jurisdictional theory to federally chartered corporations in which the United States owned more than one-half of the capital stock." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 251 (1992).

Even under this restricted approach, the Court has subject matter jurisdiction over this suit against Amtrak. "Amtrak is a corporation established and authorized by a detailed federal statute enacted by Congress," and "[t]he Secretary of Transportation holds all of Amtrak's preferred stock and most of its common stock." *Dep't of Transp. v. Ass'n of Am. R.R.s*, 575 U.S. 43, 46, 51 (2015). Thus, federal jurisdiction extends to suits against Amtrak. *See Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002), *as amended* (Aug. 7, 2002) ("The court had original jurisdiction over the subject matter of the litigation because the action involves Amtrak and the United States owns a majority of the capital stock of Amtrak.").

Accordingly, the Court finds that it has subject matter jurisdiction over this case.

**B.      Procedural Defects in Removal**

The Court next considers Espinosa's argument that Amtrak's removal was procedurally defective. "A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c); *accord Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 392 (1998) (explaining that, for removals that are defective for procedural reasons, "there must be a motion to remand filed no later than 30 days after the filing of the removal notice"). "[A] district court [has] no authority to remand [a] case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

Here, Espinosa argues Amtrak's removal was procedurally defective because Amtrak fails to establish that all defendants joined in the removal. (Mot. 8–10.) Under 28 U.S.C. § 1446(b)(2)(a), when a civil action is removed on the basis of original jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." Pursuant to this rule, Espinosa argues that her consent and Town and County Fencing's consent were required for removal. (Mot. 8–10.) However, Espinosa asserts this procedural defect in the Motion, which she filed on March 27, 2023, more than thirty days after Amtrak filed its Notice of Removal on February 13, 2023. (Mot.) Thus, Espinosa waived all procedural defects in the removal by failing to timely raise them. *See* 28 U.S.C. § 1447(c).

Espinosa argues that she timely moved for remand on the basis of procedural defects in the removal. Indeed, Espinosa first moved to remand this case on March 13, 2023. (First Mot. Remand.) However, the Court struck that motion because Espinosa failed to meet and confer with opposing counsel pursuant to Local

Rule 7-3 prior to bringing her motion. (Order Striking First Mot. Remand.) Under Local Rule 7-4, "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3." C.D. Cal. L.R. 7-4; *see also Baiul-Farina v. Lemire*, No. 15-cv-07325-DDP (MRWx), 2018 WL 3031461, at *2 (C.D. Cal. June 18, 2018), *aff'd*, 804 F. App'x 533 (9th Cir. 2020) (holding that "ma[king] no attempt to meet and confer . . . alone would merit denial of Plaintiff's motion"). Although Espinosa again moved to remand, her Motion was beyond the thirty-day period for challenging procedural defects in a removal.

Even if Espinosa's Motion to Remand was timely, her argument that Amtrak's removal was procedurally defective fails because neither Espinosa's nor Town and Country Fencing's consent was required for removal. First, Amtrak was not required to obtain Espinosa's consent because she is a nominal defendant. "Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, the 'rule of unanimity' does not apply to 'nominal . . . parties.'" *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (citations omitted) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir.1988)). Nominal defendants include parties that have "no immediately apparent stake in the litigation." *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). Here, Espinosa is not named as a defendant in any of Torres's causes of action. (Compl. ¶¶ 26–94; FAC ¶¶ 29–97.) Accordingly, Espinosa is a nominal party, and her consent was not required for removal.

Second, Town and Country Fencing's consent was not required because Torres did not serve Town and Country Fencing prior to removal. Corporations may be served in the manner prescribed for service of an individual. Fed. R. Civ. P. 4(h)(1)(A). Under Federal Rule of Civil Procedure 4(e)(1), individuals may be served pursuant to the law of the state in which the district court is located. California law allows for substituted service by "leaving a copy of the summons and complaint" with a specified person and then "mailing a copy of the summons and complaint by

6

first-class mail." Cal. Civ. Code § 415.20(a). "Service of a summons in this manner is deemed complete on the 10th day after the mailing." *Id.* Here, Torres properly served Town and Country Fencing by substituted service. (Mot. Ex. 1 ("Proof of Service"), ECF No. 15.) Thus, although Torres mailed Town and Country Fencing's service of summons on February 9, 2023, service was not complete until February 19, 2023. (*See id.*) Because Torres's service on Town and Country Fencing was not complete prior to Amtrak's filing for removal on February 13, 2023, Town and Country Fencing's consent was not required for removal.

Accordingly, in addition to bringing an untimely Motion to Remand, Espinosa fails to demonstrate that Amtrak's removal was procedurally defective.

## V.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Espinosa's Motion to Remand. (ECF No. 15, 16, 27.)

**IT IS SO ORDERED.**

July 13, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**