O

# United States District Court
# Central District of California

| | |
|---|---|
| JOSE JESUS GUERRERO TORRES, | Case № 2:23-cv-01066-ODW (KESx) |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| NATIONAL PASSENGER RAILROAD CORPORATION ET AL., | **MOTION TO DISMISS [94]** |
| Defendants. | |

## I. INTRODUCTION

On February 7, 2022, an Amtrack train struck and killed Genesis Guerrero-Espinoza ("Decedent") while she was walking along train tracks in Paso Robles, California. Plaintiffs Jose Jesus Guerrero Torres ("Torres"), Decedent's father, and Maria Alejandra Espinoza Montenegro ("Montenegro"), Decedent's mother, initially filed a lawsuit in the California Superior Court alleging wrongful death and survival action claims against defendant National Passenger Railroad Corporation *d/b/a* Amtrak ("Amtrak").[1]  (Compl., Notice of Removal ("NOR"), Ex. A, ECF No. 1-1.)

---

[1] In their subsequent amended complaints, Plaintiffs also asserted claims against defendants Union Pacific Railroad Company ("Union Pacific"), 34th Street Homeowners Association, Inc. ("34th Street"), and Town and Country Fencing, Inc. ("Town and Country"). (*See generally* Compl.; First Am. Compl., ECF No. 9; Second Am. Compl., ECF No. 45.) However, 34th Street and Town and Country have since been dismissed from the instant action and are no longer parties to this case.

On February 12, 2023, Defendants removed the action to federal court. (NOR, ECF No. 1.) Plaintiffs filed their Fourth Amended Complaint on February 13, 2024, adding defendant North Paso, LLC ("North Paso"), as well as individual defendants Dennis Leroy Spoolstra and Maria Clara Spoolstra. (Fourth Am. Compl. ("FoAC"), ECF No. 74.) North Paso now moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss ("Motion" or "Mot."), ECF No. 94.) For the reasons discussed below, the Court **GRANTS** North Paso's Motion.[2]

## II.     BACKGROUND[3]

This case arises from the death of Genesis Guerrero-Espinoza, who was struck and killed by an Amtrak train while she was walking along railroad tracks in Paso Robles, California. (FoAC ¶ 18.) Decedent purportedly accessed the train tracks by passing through a broken chain-link fence located in the vicinity of where the accident took place. (*Id*.) Decedent was pronounced dead on the scene. (*Id*.)

On January 24, 2023, Torres filed a Complaint in the Superior Court of the State of California, County of San Luis Obispo against various defendants asserting wrongful death claims and survival action claims based on both general negligence and premises liability. (*See generally* Compl.) After removal to federal court, Montenegro was joined as a plaintiff in the case. (Third Am. Compl. ("TAC"), ECF No. 61.)

On February 6, 2024, Plaintiffs filed an Ex Parte Application for Leave to File a Fourth Amended Complaint. (Appl. ("Application"), ECF No. 69.) Plaintiffs stated in their Application that they wished to add three new defendants to the action—Dennis Leroy Spoolstra, Maria Clara Spoolstra, and North Paso (collectively, the "New Defendants")—whom Plaintiffs claimed had "negligently maintained and

---

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] All factual references derive from Plaintiffs' Fourth Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1 managed real property at or about the location of Decedent Genesis Guerrero-
2 Espinoza's injuries." (*Id.* at 2.) In their Application, Plaintiffs also alleged "[t]he train
3 track[,] and or property on which the train tracks Decedent and her friends entered the
4 area of the train track through a defective fence[, was] owned, inspected or maintained
5 by the New Defendants." (*Id.* at 7.) The Court granted Plaintiffs' Application. (Order
6 Granting Plaintiffs' Ex Parte Appl. for Leave to File Fourth Am. Compl., ECF
7 No. 73.)

8 On February 13, 2024, Plaintiffs filed the FoAC alleging the following causes
9 of action against all defendants: (1) Negligence–Wrongful Death; (2) Negligence–
10 Survival Action; (3) Premises Liability–Wrongful Death; and (4) Premises Liability–
11 Survival Action. (FoAC ¶¶ 34–102.) On April 10, 2024, North Paso moved to
12 dismiss Plaintiffs' claims against it under Rule 12(b)(6). (*See generally* Mot.) The
13 Motion is fully briefed. (Opp'n, ECF No. 98; Reply, ECF No. 99.)

### III. LEGAL STANDARD

15 A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable
16 legal theory or insufficient facts pleaded to support an otherwise cognizable legal
17 theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To
18 survive a dismissal motion, a complaint need only satisfy the minimal notice pleading
19 requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v.*
20 *Jones*, 319 F.3d 483, 494 (9th Cir. 2003) (citing Fed. R. Civ. P. 8). The factual
21 "allegations must be enough to raise a right to relief above the speculative level." *Bell*
22 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must
23 "contain sufficient factual matter, accepted as true, to state a claim to relief that is
24 plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

25 The determination of whether a complaint satisfies the plausibility standard is a
26 "context-specific task that requires the reviewing court to draw on its judicial
27 experience and common sense." *Id.* at 679. A court is generally limited to the
28 pleadings and must construe all "factual allegations set forth in the complaint . . . as

1 true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.  DISCUSSION

North Paso moves to dismiss each of the four claims Plaintiffs assert against it. (*See generally* Mot.) The Court jointly addresses the second and fourth causes of action relating to survival before turning to the third and first causes of action, respectively.

### A.  Survival Actions Based on Negligence and Premises Liability

Plaintiffs bring two survival actions against North Paso. Plaintiff's second cause of action is based on general negligence, and fourth cause of action is based on premises liability. (*See generally* FoAC.) North Paso argues both survival actions should be dismissed because Plaintiffs have failed to establish standing or allege recoverable damages. (Mot. 14–16.)

*1.  Standing*

North Paso argues Montenegro has not established standing to pursue survival actions because Montenegro's claims that she is Decedent's successor in interest, (Montenegro Decl., ECF No. 74-1), are improper. (Mot. 15–16.) A survival action

may be brought by a decedent's successor in interest or personal representative. Cal. Civ. Proc. Code § 377.30. In the present case, Montenegro pursues survival actions against North Paso by alleging she is Decedent's successor in interest. (FoAC ¶ 6.)

To establish oneself as a decedent's successor in interest, California law requires a person to "execute and file an affidavit or a declaration under penalty of perjury under the laws of this state." Cal. Civ. Proc. Code § 377.32(a). The affidavit or declaration must state, among other information, that "[n]o proceeding is now pending in California for administration of the decedent's estate," that "[t]he affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding," and "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." *Id.* § 377.32(a)(3), (5), (6). Moreover, federal law requires any declaration filed in federal court to be made under penalty of perjury. 28 U.S.C. § 1746. Montenegro submitted a declaration stating she is Decedent's successor in interest. (FoAC 31.) However, North Paso argues Montenegro's declaration fails to include the required statements quoted above, rendering her successor in interest declaration improper. (Mot. 15–16.) North Paso also contends Montenegro's declaration is improper because it was not made under penalty. (*Id.*)

Montenegro's declaration claiming successor in interest rights clearly lacks the statements required by California Code of Civil Procedure section 377.32(a)(3), (5), and (6) as well as 28 U.S.C. § 1746. Therefore, Montenegro has failed to properly establish she is Decedent's successor in interest. Accordingly, the Court finds Montenegro has not established standing to pursue the survival actions in Plaintiffs' FoAC.

The Court takes notice that—while North Paso does not address it in its Motion—Decedent's father, Torres, also filed a declaration claiming to be Decedent's successor in interest. (Guerrero-Torres Decl., ECF No. 74-4.) The Court reviewed

1  Torres's declaration and finds it similarly deficient.  Specifically, Torres does not state
2  in his declaration that "[n]o other person has a superior right to commence the action
3  or proceeding or to be substituted for the decedent in the pending action or
4  proceeding."  Cal. Civ. Proc. Code § 377.32(a).  Accordingly, the Court similarly finds
5  Torres has failed to establish he is the Decedent's successor in interest and therefore
6  has not established standing to pursue the survival actions in Plaintiffs' FoAC.

    2.    *Recoverable Damages*

8  Furthermore, North Paso contends that Plaintiffs have not alleged any
9  recoverable damages in their survival actions.  (Mot. 14–15.)  "In an action or
10 proceeding by a decedent's personal representative or successor in interest on the
11 decedent's cause of action, the damages recoverable are limited to the loss or damage
12 that the decedent sustained or incurred *before* death."  Cal. Civ. Proc. Code
13 § 377.34(a) (emphasis added).  Plaintiffs allege Decedent incurred "economic
14 damages, including without limitation, medical, emergency services, coroner, funeral,
15 and burial expenses." (FoAC ¶¶ 73, 98.)  North Paso argues—and the Court agrees—
16 it is implausible that Decedent incurred such damages prior to Decedent's death given
17 Plaintiffs' allegations that Decedent was pronounced deceased at the scene where she
18 was struck by the Amtrak train.  (FoAC ¶ 18.)  If Decedent incurred any damages
19 prior to her death, including medical or emergency services, Plaintiffs fail to allege as
20 much in the FoAC.  The Court finds Plaintiffs have failed to adequately plead any
21 recoverable damages for their survival actions.

22 Accordingly, the Court **GRANTS** North Paso's Motion to Dismiss as to
23 Plaintiffs' second and fourth causes of action **WITH LEAVE TO AMEND**.

24 **B.    Premises Liability–Wrongful Death**

25 Plaintiffs' third cause of action alleges a wrongful death claim against North
26 Paso based on premises liability ("premises liability claim").  (FoAC ¶¶ 80–95.)
27 North Paso argues Plaintiffs' premises liability claim fails because Plaintiffs' factual
28 allegations do not suggest North Paso owed a duty of care to Decedent based on North

Paso's possession of property. (Mot. 16.) The Court finds Plaintiffs' third cause of action is inadequately pleaded because Plaintiffs fail to allege North Paso specifically owned or controlled any property in the vicinity of Decedent's accident, as is required to establish a duty of care under premises liability.

"To prevail on a premises liability claim, a plaintiff must establish that the defendant owned or controlled the property . . . ." *Carter v. Nat'l R.R. Passenger Corp.*, 63 F. Supp. 3d 1118, 1144 (N.D. Cal. 2014) (citing Judicial Council of California Civil Jury Instructions ("CACI") No. 1000).

In the present case, Plaintiffs only allege that North Paso maintained and managed property in the vicinity of Decedent's accident in their Application. (Appl. 2.) Plaintiffs fail to include this dispositive factual allegation in their FoAC. (*See generally* FoAC.) In their FoAC, Plaintiffs clearly articulate that Dennis Leroy Spoolstra and Maria Clara Spoolstra—omitting North Paso—were and are "owner[s] of real property on or adjacent to the location of the Decedent's injuries." (*Id.* ¶¶ 12–14.) North Paso argues, and the Court agrees, Plaintiffs' FoAC contains no allegations directly concerning North Paso's relationship to property that would create a basis for premises liability.

Plaintiffs respond in their Opposition that the FoAC contains sufficient factual allegations to support their premises liability claim. (Opp'n. 7–9.) However, Plaintiffs fail to provide any factual allegations in their pleadings to support a premises liability claim as applied to North Paso. Instead, Plaintiffs assert broad premises liability allegations against all defendants.. (*Id.*) Further, Plaintiffs fail to provide any factual allegations in their pleadings to support a premises liability claim as applied to North Paso. A complaint will not suffice "if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). Because Plaintiffs fail to provide sufficient factual allegations that North Paso owned, controlled, or maintained real property—as is required to establish premises liability—Plaintiffs' third cause of action, wrongful death–premises liability,

1  is insufficiently pleaded to survive North Paso's Motion.

2  Accordingly, the Court **GRANTS** North Paso's Motion to Dismiss Plaintiffs'
3  third cause of action **WITH LEAVE TO AMEND**.

4  **C.    General Negligence–Wrongful Death**

5  Finally, Plaintiffs' first cause of action alleges that North Paso's negligence
6  caused the death of Decedent. (FoAC ¶¶ 34–70.)

7  To state a claim for "wrongful death resulting from negligence, the complaint
8  must contain allegations as to all the elements of actionable negligence . . . [which]
9  involves the violation of a legal duty . . . by the defendant to the person injured, e.g.,
10 the deceased in a wrongful death action." *Jacoves v. United Merch. Corp.*, 9 Cal. App.
11 4th 88, 105 (1992). Negligence involves the "violation of a legal duty imposed by
12 statute, contract or otherwise, by the defendant to the person injured[,]" e.g., the
13 deceased in a wrongful death action. *Nally v. Grace Cmty. Church*, 47 Cal.3d 278,
14 292 (1988).

15 In the instant action, Plaintiffs allege that Decedent accessed the train crossing
16 by passing through an opening in a broken chain link fence, and as such North Paso
17 owed Decedent a duty of care. However, Plaintiffs do not provide any facts that North
18 Paso owed such a duty. Upon review of Plaintiffs' FoAC, the Court is unable to locate
19 any factual allegations asserting North Paso specifically owned, maintained, or had
20 any relationship to the fence adjacent to the railroad tracks. Similarly, Plaintiffs fail to
21 allege North Paso was in possession of any real property in the vicinity of Decedent's
22 accident, or had any relationship to the Amtrak train, its operations, or its employees.

23 Without alleging facts that support North Paso's connection to Decedent's
24 harm, it is impossible to determine what duty North Paso owed to Decedent, if any.
25 *See Cody F. v. Falletti,* 92 Cal. App. 4th 1232, 1243 (2001) ("The nature of the duty
26 owed by the owner of an interest in real property must have a relationship to the
27 degree of control conferred by the scope of the ownership interest itself.") Moreover,
28 Plaintiffs fail to allege that North Paso had reason to anticipate the probability of an

injury, or that it had an opportunity to prevent the injury or warn of the peril.

Accordingly, the Court finds that Plaintiffs fail to provide sufficient facts to support their allegation that North Paso owed a duty of care to Decedent, and as such, fail to plead a viable negligence claim. As such, the Court **GRANTS** North Paso's Motion to Dismiss Plaintiffs' first cause of action **WITH LEAVE TO AMEND**.

### D.     Punitive Damages

In the FoAC, Plaintiffs request punitive damages against North Paso. Punitive damages are only recoverable in an action where the defendant is "guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). North Paso argues in its Motion—and the Court agrees—that Plaintiffs have not alleged any facts in the FoAC supporting Plaintiffs' allegations that North Paso acted with "oppression, fraud, or malice." (Mot. 18.)

The Court therefore **GRANTS** North Paso's Motion to Dismiss with regard to Plaintiffs' request for punitive damages **WITH LEAVE TO AMEND**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Complaint, (ECF No. 74), **WITH LEAVE TO AMEND**. If Plaintiffs choose to amend, the Fifth Amended Complaint is due no later than twenty-one days from the date of this Order, in which case North Paso shall answer or otherwise respond within fourteen days of the filing. If Plaintiffs do not timely amend, the dismissal shall be deemed a dismissal with prejudice as of the lapse of the deadline to amend.

**IT IS SO ORDERED.**

August 30, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**